UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RITA HOLMES,

                        Plaintiff,

            -v-

CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,

                        Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/16

14 Civ. 9346 (PAE) (GWG)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Rita Holmes brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), which denied Holmes's application for supplemental security income ("SSI"). Both sides have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Before the Court is the January 27, 2016 Report and Recommendation of the Hon. Gabriel W. Gorenstein, United States Magistrate Judge, recommending that the Court deny the Commissioner's motion and grant Holmes's motion for remand. Dkt. 25 (the "Report"). For the following reasons, the Court adopts the Report in full.

I.    **Background**[1]

       Holmes, now age 54, claims that she became disabled resulting from a workplace injury on January 21, 2011. Holmes previously worked as a home health aide but was not employed at the time of her hearing because of her injury, which primarily affected her lower back.

---

[1] The Court's summary of the facts is drawn from the detailed account of the facts provided in the Report, to which neither party objects. The Court adopts in full the Report's recitation of the facts.

On November 29, 2011, Holmes filed an application for SSI. After the Social Security Administration denied her application, she requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On June 5, 2013, Holmes was represented by counsel and testified at a hearing before ALJ Paul A. Heyman.

On July 19, 2013, the ALJ issued a decision concluding that Holmes was not entitled to SSI payments and not disabled within the meaning of the Social Security Act. The ALJ determined that while Holmes has several severe impairments, including diabetes mellitus, spinal derangement, obesity, bilateral knee derangement, mood disorder, and a history of substance abuse in remission, she nonetheless retains a residual functional capacity (RFC) that allows her to perform light work that is restricted to unskilled work consisting of simple, routine, repetitive tasks. Moreover, the ALJ concluded that while Holmes could not perform her past work, given her age, education, work experience, and RFC, there are significant jobs in the national economy that she can perform. In making that determination, the ALJ found Holmes's statements concerning the "intensity, persistence and limiting effects these symptoms" to be "not entirely credible." The Appeals Council denied Holmes's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On November 19, 2014, Holmes commenced this action. *See* Dkt. 2 ("Complaint"). On January 7, 2015, the Court referred this case to Magistrate Judge Gorenstein. Dkt. 7. On May 18, 2015, the Commissioner filed a certified copy of the administrative record. Dkt. 10 ("R."). That same day, the Commissioner filed a motion for judgment on the pleadings, Dkt. 12, along with a supporting memorandum of law, Dkt. 13 ("Comm'r Br."). On July 20, 2015, Holmes filed a cross-motion for judgment on the pleadings, seeking reversal of the Commissioner's decision and award of SSI benefits, or, alternatively, remand for further proceedings, Dkt. 19,

along with a memorandum of law in support of Holmes's motion and in opposition to the Commissioner's motion, Dkt. 20 ("Holmes Br."). On August 17, 2015, the Commissioner filed a memorandum of law in opposition to Holmes's motion and in further support of its motion. Dkt. 23 ("Comm'r Reply Br."). On August 24, 2015, Holmes filed a memorandum of law in further support of her motion. Dkt. 24 ("Holmes Reply Br.").

On January 27, 2016, Judge Gorenstein issued the Report, recommending that the Court deny the Commissioner's motion and grant Holmes's cross-motion for remand. Dkt. 25. With regard to her claims for physical impairments, Holmes argued that the ALJ erred in his evaluation of the medical opinion evidence; that the ALJ improperly evaluated Holmes's credibility; and that the ALJ failed to sustain his burden of establishing Holmes could obtain other work. Report at 21. The Report concluded that the ALJ's evaluation of Holmes's credibility was insufficient because it did not reflect a consideration of all the relevant evidence, including, *inter alia*, "a number of important treatment records in which [Holmes] had consistently reported pain and that arguably showed support for her claims of pain," Report at 24, and the fact that Holmes had been prescribed a narcotic pain reliever, Report at 25. The Report recommended remand—without addressing Holmes's other arguments—because that error alone was sufficient to support remand. Report at 21, 23.

The deadline for the parties to file objections to the Report was February 10, 2016. *See* Report at 27 ("]T]he parties have fourteen (14) days . . . from the service of this Report and Recommendation to serve and file objections."). To this date, no objections have been filed.

## II. Discussion

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision

is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither Holmes nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's thorough and well-reasoned Report reveals no facial error in its conclusions. On the contrary, the Court agrees with the Report's conclusion that the ALJ failed to adequately explain his decision not to credit Holmes's testimony, because the explanation provided did not reflect consideration of all the relevant evidence. On remand, the Commissioner is directed, consistent with Judge Gorenstein's Report, to (1) re-examine and explain his conclusions regarding Holmes's credibility in light of *all* of the relevant and probative evidence; (2) if the ALJ finds that Holmes has an RFC that permits her to work, to specify the basis for that conclusion and explain the specific restrictions on such work that he has found; and (3) to the extent that such restrictions are found, to explain and support his conclusion—including, if appropriate, by expanding the record to include

testimony from a vocational expert—that there are sufficient jobs in the national economy whose demands are consistent with such restrictions. The Report, which is incorporated by reference herein, is therefore adopted without modification.

Because the Report explicitly states that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal," Report at 27, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court denies the Commissioner's motion and grants Holmes's cross-motion for judgment on the pleadings, and remands this case to the Commissioner for further proceedings consistent with this Opinion and the Report. The Clerk of Court is directed to terminate the motions pending at docket numbers 12 and 19, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 26, 2016
　　　　New York, New York